**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1346-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

PAUL A. CARTER, a/k/a
PAUL A. CARIER,

    Defendant-Appellant.

_____

Submitted December 11, 2024 – Decided March 18, 2025

Before Judges Rose and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Salem County, Indictment No. 17-05-0203.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Jeffrey L. Weinstein, Designated Counsel, on the brief).

Kristin J. Telsey, Salem County Prosecutor, attorney for respondent (Matthew Bingham, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Paul Carter appeals from a November 15, 2023 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

In 2019, a jury convicted defendant of murder and various offenses charged in a Salem County indictment for the shooting death of Anthony Johnson on a street in the City of Salem. Police on routine patrol heard shots and saw a gun flash. They then saw defendant run from the area of the shooting and gave chase. As defendant surrendered, police saw him toss the gun into a pile of leaves. Defendant was arrested and the murder weapon was recovered from the pile. Defendant made sua sponte inculpatory statements en route to police headquarters, but declined to give a formal statement after he was Mirandized.

Defendant did not testify at trial. He was sentenced to an aggregate prison term of sixty-five years with a parole disqualifier of fifty-two and one-half years. We affirmed defendant's convictions and sentence. State v. Carter, No. A-0896-19 (App. Div. July 15, 2021) (slip op. at 4).

Defendant filed a timely petition for PCR. Pertinent to this appeal, in his pro se petition, defendant claimed trial counsel failed to explain his sentencing exposure after trial and his right to testify. In his counseled brief, defendant

2

argued "[t]rial counsel was ineffective for failing to object and request a mistrial when Investigator Nicholas Efelis testified that [defendant] invoked his Miranda[1] rights when questioned."

Following argument, the PCR judge, who did not preside over defendant's trial, issued a cogent oral decision followed by a comprehensive written opinion, squarely addressing the issues raised in view of well-established principles. Citing the trial transcripts, the PCR judge found defendant's pro se claims were belied by the record. In particular, the judge found during the pretrial conference, defendant acknowledged trial counsel "explained to [him] that if he were to be convicted, he would be facing not only life but life without the possibility of parole." The judge also found defendant acknowledged trial counsel and "one of the attorneys in [counsel's] office spoke with [defendant]" about his right to testify and "it [wa]s his intention not to testify."

Further, the PCR judge rejected defendant's argument, raised in his counseled brief, that the State improperly introduced evidence concerning his invocation of the right to remain silent. The judge noted, unlike the circumstances in State v. Muhammad, 182 N.J. 551 (2005), here the prosecutor did not elicit testimony concerning defendant's silence. Instead, in response to

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

the prosecutor's question, "do you recall seeing anybody at the police station that night?" Efelis responded: "[Defendant] was in the back of the station. . . . Investigator Penven Mirandized him, but he didn't want to talk to us."

Noting Efelis's response "was outside the scope of the question" and "the prosecutor did not comment on the response," the PCR judge determined trial counsel exercised "a strategic choice not to object because objecting would have shed light on the silence, which may have been prejudicial to . . . defendant." Regardless, the judge found in view of "the overwhelming evidence against . . . defendant, the answer regarding silence did not have an overall prejudicial effect on the verdict."

On appeal, defendant renews the same arguments raised before the PCR judge:

POINT I

TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT AND REQUEST A MISTRIAL WHEN INVESTIGATOR NICHOLAS EFELIS TESTIFIED THAT [DEFENDANT] INVOKED HIS MIRANDA RIGHTS WHEN QUESTIONED.

POINT II

TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO CONSULT WITH [DEFENDANT] ON KEY ISSUES – (A) SENTENCING EXPOSURE IF

4

CONVICTED AT TRIAL, AND (B) FAILING TO EXPLAIN HIS RIGHT TO TESTIFY.

Having considered defendant's reprised contentions in view of the applicable law, we conclude they lack sufficient merit to warrant extended discussion in a written opinion. R. 2:11-3(e)(2). We affirm substantially for the sound reasons articulated by Judge John C. Eastlack, Jr. in his well-reasoned decisions. We add only the following brief remarks.

A defendant is entitled to an evidentiary hearing only when he "has presented a prima facie [case] in support of [PCR]," State v. Marshall, 148 N.J. 89, 158 (1997) (first alteration in original) (quoting State v. Preciose, 129 N.J. 451, 462 (1992)), meaning that a "defendant must demonstrate a reasonable likelihood that his . . . claim will ultimately succeed on the merits," ibid. A defendant seeking PCR on ineffective assistance grounds is obliged to demonstrate not only the particular manner in which counsel's performance was deficient, but also that the deficiency prejudiced the right to a fair trial. Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-part test in New Jersey) (Strickland/Fritz test).

In the present matter, defendant failed to demonstrate a reasonable likelihood that his PCR claim will ultimately succeed on the merits and failed

to satisfy either prong of the <u>Strickland/Fritz</u> test.  Because there was no prima facie showing of ineffective assistance of counsel, an evidentiary hearing was not necessary to resolve defendant's PCR claims.  <u>Preciose</u>, 129 N.J. at 462.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

A-1346-23